**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4254**

_____

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

EARL DANIELS,

             Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Aiken.  Margaret B. Seymour, Chief District Judge.  (1:10-cr-00968-MBS-13)

_____

Submitted:  November 9, 2012      Decided:  December 20, 2012

_____

Before WYNN and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

J. Thomas McBratney, III, MCBRATNEY LAW FIRM, P.A., Florence, South Carolina, for Appellant.  William N. Nettles, United States Attorney, Julius N. Richardson, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a jury trial, Earl Daniels was found guilty of conspiracy to distribute five kilograms or more of cocaine, 280 grams or more of cocaine base, and a quantity of marijuana. He received a life sentence. On appeal, Daniels asserts, under Batson v. Kentucky, 476 U.S. 79 (1986), that the Government's reasons for striking a black juror were pretext for purposeful race discrimination.

At jury selection, the Government was given seven peremptory strikes and Daniels was given eleven peremptory strikes in selecting the jury of twelve jurors and two alternates from a pool of thirty-two potential jurors. After both parties exercised their strikes, Daniels raised a Batson challenge. On appeal, Daniels only challenges the Government's use of a peremptory strike on juror number 256, who was black.

The Government explained that the juror's son had his license suspended and the juror had to provide transportation to him at the end of the workday. The Government stated it was concerned that the juror would be anxious to leave at the end of the day to pick up his son and that he may not be paying attention to the trial proceedings. The Government offered that the reason that gave it the most concern, however, was the juror's response on the juror questionnaire that he would be "as fair as I can." The Government stated that it was not confident

2

that the juror "could be fair in these circumstances." After the Government concluded, defense counsel said "I don't have any response to that, your Honor. . . . I know that his answers are racially neutral." The court replied, "[H]is answers . . . appear to be race neutral, so I don't – what's your basis for your motion?" Counsel responded, "I withdraw it." After a quick exchange with the court stating that counsel did not have to withdraw the motion, defense counsel then said, "Judge, [sic] prefer you rule on it." The court then denied the motion.

The Equal Protection Clause prohibits the use of peremptory challenges based solely on race or gender. Batson, 476 U.S. at 86; J.E.B. v. Alabama ex rel. T.B., 511 U.S. 127, 128-29 (1994). Great deference is given to a district court's determination of whether a peremptory challenge was based on a discriminatory motive, and the court's ruling is reviewed for clear error. United States v. Farrior, 535 F.3d 210, 221 (4th Cir. 2008); Jones v. Plaster, 57 F.3d 417, 421 (4th Cir. 1995). Generally, a Batson challenge consists of three steps: (1) the defendant makes out a prima facie case of discrimination; (2) the Government offers a race-neutral explanation; and (3) the trial court decides whether the defendant has carried his burden and proved purposeful discrimination. Purkett v. Elem, 514 U.S. 765, 767-68 (1995).

Once the neutral explanation is presented, the complaining party must prove purposeful discrimination. Batson, 476 U.S. at 98. A movant may show purposeful discrimination by demonstrating that the opposing party's explanation is a mere pretext for racial discrimination. Farrior, 535 F.3d at 221. The party must "show both that [counsel's stated] reasons were merely pretextual and that race was the real reason for the strike." United States v. McMillon, 14 F.3d 948, 953 (4th Cir. 1994). In making this showing, the party "'may rely on all relevant circumstances to raise an inference of purposeful discrimination.'" Golphin v. Branker, 519 F.3d 168, 179 (4th Cir. 2008) (quoting Miller-El v. Dretke, 545 U.S. 231, 240 (2005)).

Here, the Government offered a race-neutral explanation, and the district court accepted that explanation. Importantly, Daniels did not make a claim of pretext in response to the Government's explanation. Instead, defense counsel acknowledged that the explanations were race-neutral. The failure to argue pretext after the challenged strikes have been explained constitutes a waiver of the initial Batson objection. See Davis v. Baltimore Gas & Elec. Co., 160 F.3d 1023, 1027 (4th Cir. 1998). In Davis, we joined several circuits in holding "that the movant's failure to argue pretext [after the non-

4

movant proffers race neutral reasons for the strikes] constitutes a waiver of the initial objection." Id.

We therefore conclude that Daniels has waived review of his Batson challenge on appeal by failing to argue that the Government's proffered reasons for striking juror number 256 were pretextual. We affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED